UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
BRUCHA FURTH
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

        -against-

CLIENT SERVICES, INC.

                         Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Brucha Furth seeks redress for the illegal practices of Client Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Saint Charles, Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Brucha Furth*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 28, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said July 28, 2017 letter was the Defendant's initial communication with the Plaintiff.

12. The letter fails to adequately convey the "amount of the debt":

13. The said letter stated the balance due and then stated in part: "As of the date of this letter, the balance due is $21,956.42. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you."

14. This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

15. The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

16. The letter does not provide any explanation or information about the claimed accruing interest and charges.

17. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

18. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

19. The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to <u>meaningfully</u> provide "the amount of the debt".

20. It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at given time in the future. See <u>Taylor v. Fin. Recovery Servs., Inc.</u>, No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018). ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

21. In <u>Carlin v. Davidson Fink LLP</u>, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit

clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

22. This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay to resolve the debt at any given moment in the future. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

23. The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

24. Similar to Carlin, the Collection Letter, in this case, refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, it would be impossible to conclude whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.

25. The Defendant did not refer the Plaintiff to the underlying credit card agreement with the original lender. The least sophisticated consumer would not understand from this

reference what provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the said collection letter.

26. The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

27. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

28. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

29. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

30. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

31. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

32. The letter fails to inform Plaintiff whether the amount listed already includes accruing "interest."

33. The letter fails to inform Plaintiff whether the amount listed already includes "other charges."

34. The letter fails to advise Plaintiff what portion of the amount listed is principal.

35. The letter fails to inform Plaintiff whether the amount listed will increase.

36. The letter should have disclosed that interest was accruing, or in the alternative, that the creditor and / or Defendant had made the decision to waive any accruing interest.

37. The letter fails to inform the consumer as to what he or she may need to pay to resolve the debt at any moment after the date of the letter, or provide an explanation of any fees and interest that will cause the balance to increase.

38. The letter fails to inform Plaintiff what "other charges" might apply.

39. The letter fails to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

40. The letter fails to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

41. The letter fails to inform Plaintiff of the nature of the "other charges."

42. The letter fails to inform Plaintiff if there is accruing "interest," what the amount of the accruing interest will be.

43. The letter fails to inform Plaintiff if there is accruing "interest," when such interest will be applied.

44. The letter fails to inform Plaintiff if there is accruing "interest," what the interest rate is.

45. The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per day.

46. The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per week.

47. The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per month.

48. The letter fails to inform Plaintiff if there is accruing "interest," the amount of money the amount listed will increase per any measurable period.

49. The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

50. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

51. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

52. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

53. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of this letter," at any time after receipt of the letter.

54. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

55. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

56. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accruing interest will be.

57. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

58. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

59. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other

charges."[1]

60. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

61. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

62. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

63. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).[2]

64. The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

65. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

66. Defendant's conduct constitutes a false, deceptive and misleading means and

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time."), Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Defendant adds that the Creditor "is electing not to collect interest at this time." In the context of the statement that no interest has accrued since charge-off, the statement that the "amount may vary from day to day due to interest and other charges" could mislead the least sophisticated consumer to believe that interest has stopped accruing. Defendant is not helped by its contention that this statement is true in that the characterization of "may" accurately conveys the two different scenarios: that interest is accruing and could be collected in the future, and that the Creditor is choosing not to collect interest at this time.")

[2] Polak v. Kirschenbaum & Phillips, P.C., No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018). ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

67. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

68. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

69. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

70. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

71. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

72. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

73. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

74. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

75. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability

under section 1692e of the Act.

76. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

77. As an actual and proximate result of the acts and omissions of Client Services, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

78. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventy seven (77) as if set forth fully in this cause of action.

79. This cause of action is brought on behalf of Plaintiff and the members of a class.

80. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about July 28, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A.; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

81. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

82. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

83. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

84. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

85. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

86. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 9, 2018

	/s/ Adam J. Fishbein	
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

	/s/ Adam J. Fishbein	
Adam J. Fishbein (AF-9508)

**Client Services, Incorporated**

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX6442
NEW BALANCE: $21,956.42
MINIMUM PAYMENT DUE: $3526.52
REFERENCE NUMBER: 92

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504

DATE: 7/28/2017

## DEBT VALIDATION NOTICE

Our client, the current creditor referenced above, has placed the above CITI MASTERCARD account with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, the balance due is $21,956.42. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you.

We look forward to working with you in resolving this matter.

Joshua Pinkowski

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

|  | Send your payment in the enclosed envelope using the remittance coupon below. |  | Online: www.csiconsumercenter.com |
|---|---|---|---|
|  | Pay-by-Phone: 1-877-552-5905 |  | If you are unable to pay the balance in full, contact our office at 877-288-0504 for payment options, which may be available to you. |

PO Box 1503
Saint Peters, MO 63376

REFERENCE NUMBER: 92
AMOUNT ENCLOSED:

Checks Payable To:
Citibank, N.A.

**REMIT TO:**

BRUCHA FURTH

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376

1 of 1

117611-25353-CB809I